**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

In re:

VICTOR MACEO DANDRIDGE, III,　　　　Case No. 17-60578-RBC
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　　Debtor.

_____

LYNNE J. KINDER,

　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　APN 17-06038-RBC

VICTOR MACEO DANDRIDGE, III,

　　　　　　　Defendant.

## CONSENT ORDER OF JUDGMENT AND NONDISCHARGEABILITY

CAME BEFORE THE COURT the parties to this adversary proceeding, by counsel and individually as indicated by endorsement of this Order, for hearing on entry of a judgment by consent in favor of the Plaintiff Mrs. Lynne J. Kinder on Complaint filed on her behalf in this Court on June 13, 2017. In support of such judgment, the Court makes the following findings of fact and conclusions of law:

1.　　On March 24, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.　　Hannah W. Hutman was originally appointed Chapter 7 trustee in this matter. On May 15, 2017, Ms. Hutman filed her rejection of this appointment. W. Stephen Scott was appointed to serve as Chapter 7 trustee thereafter. Mr. Scott serves in such capacity as of the

date of entry of this Order and is referred to hereinafter the "Trustee".

3. This is a proceeding to establish a debt and to determine the dischargeability of a debt owed to the Plaintiff in this case. Jurisdiction to decide this contested matter exists in this Court pursuant to 28 U.S.C. §§ 157 and 1334. It is a core proceeding, pursuant to 28 U.S.C. §157(b) (2) (J).

4. Sufficient notice of the hearing on consideration of this Order has been provided to the Trustee and to all creditors and parties in interest herein.

5. By his endorsement below, Dandridge represents that his attorneys have adequately explained to him the consequences of a judgment of nondischargeability, and that his decision to endorse this order and consent to this judgment is fully informed and voluntary.

6. Headings are for ease of reference, only. All factual findings are cumulative.

## Counts I, II, III, IV – 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), (a)(19)

7. Dandridge was known as a close friend of Mrs. Kinder's late husband and spoke at his funeral.

8. Shortly after Mr. Kinder's passing Dandridge held himself out to Mrs. Kinder to be a qualified, investment professional and fiduciary intent on serving the needs of Mrs. Kinder and her family.

9. In reliance upon Dandridge's false pretenses and representations, Mrs. Kinder transferred approximately $6.9 Million to accounts or entities under Dandridge's authority or control, or as directed by Dandridge.

10. As of December 31, 2007, as reflected on **Exhibit 1** hereto, Dandridge possessed or controlled approximately $6,572.582.00 of such cash and securities (the "Kinder Funds").

11. Shortly after taking control of the Kinder Funds, Mr. Dandridge deviated in a material manner from his stated investment plans and investment goals for Mrs. Kinder.

12. Mr. Dandridge's deviations included direction of approximately $3.245 Million, in Kinder Funds to an entity owned and controlled by Dandridge and known as Runnymede Capital Management, Inc. ("Runnymede").

13. Runnymede was nothing more than a shell corporation, and Mrs. Kinder's funds deposited into Runnymede were used for Dandridge's personal and household expenses, to support failing family businesses, and for other purposes contrary to Mrs. Kinder's interests.

14. Between 2006 and 2016, Mr. Dandridge regularly engaged in self-dealing, to the detriment of Mrs. Kinder, with respect to Mrs. Kinder and the Kinder Funds.

15. Mr. Dandridge concealed his self-dealing from Mrs. Kinder, concealed her losses as well, and through false statements lulled her into a false sense of security.

16. Mrs. Kinder's reliance upon Mr. Dandridge's false representations and pretenses was justifiable under the circumstances.

17. To date, Mr. Dandridge or his agents have returned approximately $ 734,982.50 to Mrs. Kinder. Of the Kinder funds transferred to Runnymede, only $176,144 has been returned to Mrs. Kinder.

18. Mr. Dandridge damaged Mrs. Kinder in excess of $ 6 Million, including by the theft of at least $3.1 Million of Kinder Funds, unsuitable investments, and depriving her of a standard investment return for such funds, as of the date of the filing of this Complaint.

### **Additional Findings in Support of Count III – 11 U.S.C. § 523(a)(6)**

19. Commencing in or about 2006, Dandridge willfully, maliciously, and without just cause induced the Plaintiff to transfer the Kinder Funds to his control.

20. Thereafter, through and until no sooner than May 2016, Dandridge willfully, maliciously, and without just cause appropriated Mrs. Kinder's assets for his purposes, concealing his misappropriation from her, causing her massive damage and losses, and causing Mrs. Kinder to incur tax liability and penalties.

21. Mr. Dandridge damaged Mrs. Kinder in excess of $ 6 Million, including by the theft of at least $3.1 Million of Kinder Funds, unsuitable investments, and depriving her of a standard investment return for such funds, as of the date of the filing of this Complaint.

## Additional Findings in Support of Count IV – 11 U.S.C. § 523(a)(19)

22. Dandridge placed Mrs. Kinder's funds in illiquid and other investments that far exceeded her stated risk tolerance.

23. While serving as her investment advisor, Dandridge placed Mrs. Kinder's funds in illiquid and other unsuitable investments, including without limitation corporate shells such as Runnymede and the entity known as Wycliffe Capital Management.

24. Dandridge caused Mrs. Kinder to incur tax expense by unauthorized transfer of funds from her IRA.

25. Dandridge lulled Mrs. Kinder into a false sense of security, deceiving her for years as concerned the status and value of securities and other investments sold to her.

26. Dandridge misstated, among other things, investment gains and losses, the suitability of investment choices, the values of her various accounts under his control, and that he was at all times acting in her best interests.

27. Mrs. Kinder could not accurately determine her federal and state tax liability at the time of such losses.

28. Mrs. Kinder's reliance upon Dandridge's misrepresentations and false pretenses

was justifiable under the circumstances.

29. Mr. Dandridge's fraud, deceit and manipulation in connection with the sale of securities damaged Mrs. Kinder in excess of $ 6 Million, including by the theft of at least $3.1 Million of Kinder Funds, unsuitable investments, and depriving her of a standard investment return for such funds, as of the date of the filing of this Complaint.

Accordingly, on the basis of the foregoing, for other good cause shown and by consent and agreement, it is hereby ORDERED that:

1. Judgment is hereby awarded to Mrs. Lynne J. Kinder against the debtor herein, Mr. Victor Maceo Dandridge, III, on Count I of the Complaint pursuant to 11 U.S.C. § 523(a)(2) in the amount of Six Million Dollars and No Cents ($6,000,000.00), plus interest from the date of judgment at the federal judgment rate;

2. Judgment is hereby awarded to Mrs. Lynne J. Kinder against the debtor herein, Mr. Victor Maceo Dandridge, III, on Count II of the Complaint, pursuant to 11 U.S.C. § 523(a)(4), in the amount of Six Million Dollars and No Cents ($6,000,000.00), plus interest from the date of judgment at the federal judgment rate;

3. Judgment is hereby awarded to Mrs. Lynne J. Kinder against the debtor herein, Mr. Victor Maceo Dandridge, III, on Count III of the Complaint, pursuant to 11 U.S.C. § 523(a)(6), in the amount of Six Million Dollars and No Cents ($6,000,000.00), plus interest from the date of judgment at the federal judgment rate;

4. Judgment is hereby awarded to Mrs. Lynne J. Kinder against the debtor herein, Mr. Victor Maceo Dandridge, III, on Count IV of the Complaint in the amount of Six Million Dollars and No Cents ($6,000,000.00), plus interest from the date of judgment at the federal judgment rate;

5. The judgments referenced above permit a single recovery of Six Million Dollars and No Cents ($6,000,000.00), plus interest from the date of judgment at the federal judgment rate, and are referred to collectively hereinafter as the "Judgment".

6. The Judgment is not dischargeable in this bankruptcy or any other;

7. This Court shall retain jurisdiction to interpret this Order and its terms.

ENTERED:  7/17/17

_Rebecca B Connelly_
Judge

WE ASK FOR THIS:

*/s/ John M. Ryan*
John M. Ryan, VSB No. 37796
CROWLEY, LIBERATORE, RYAN & BROGAN, P.C.
*Counsel for Lynne Kinder*

*/s/ Robert S. Stevens*
Robert S. Stevens, Esq.
*Counsel for Victor Maceo Dandridge, III*
(*Permission to affix signature provided by email July 7, 2017*)

*/s/ Victor Maceo Dandridge, III*
Victor Maceo Dandridge, III
1105 Inglecress Drive
Charlottesville, VA 22901
(*Permission to affix signature provided by email July 7, 2017*)