**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

**In re:**

**VICTOR MACEO DANDRIDGE, III,**

**Debtor.**

Chapter 7

Case No. 17-60578-RBC

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR (I) AUTHORITY TO ACCEPT A SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a); (II) AUTHORITY TO SELL PROPERTY OF THE ESTATE AT PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND BANKRUPTCY RULES 2002 AND 6004; (III) INTERIM ALLOWANCE AND AUTHORIZATION OF PAYMENT OF COMPENSATION TO TRUSTEE'S SPECIAL COUNSEL; AND (IV) GRANTING RELATED RELIEF**

This matter is before the Court upon the motion (the "**Motion**")[1] of W. Stephen Scott, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Victor Maceo Dandridge, III (the "**Debtor**"), by counsel, seeking (i) authorization for the Trustee to accept a settlement with Thompson Davis & Co., Inc. (the "**Settlement**"), the terms of which are set forth in the Settlement Agreement attached to the Motion as **Exhibit A** (the "**Settlement Agreement"**) pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); (ii) authorization for the Trustee to sell property of the estate free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C §§ 105 and 363; (iii) interim allowance and

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Motion.

Robert S. Westermann (VSB No. 43294)
Kristen E. Burgers (VSB No. 67997)
H<small>IRSCHLER</small> F<small>LEISCHER</small>, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:      804.644.0957
E-mail:  rwestermann@hf-law.com
              kburgers@hf-law.com
*Counsel for W. Stephen Scott, Chapter 7 Trustee*

authorization of payment of compensation and reimbursement of expenses from the Settlement Proceeds to the Trustee's retained special counsel, Hirschler Fleischer, P.C. ("**HF**"); and (iv) related relief [Docket No. 142]; and the responses/objections filed with respect to the Motion, including the Objection filed by the Debtor, pro se [Docket No. 153], the Objection filed by Blue Ridge Bank, NA ("**Blue Ridge**") [Docket No. 157], and the Limited Objection filed by Lynne J. Kinder [Docket No. 162].  Pursuant to this Court's Order and Notice of Hearing [Docket No. 156], the Court granted permission to the Debtor to participate in the hearing on the Motion by telephone, and the Debtor did in fact participate in the hearing by telephone.

Based on the representations of the Trustee made in the Motion and on the Court's judicial notice of matters contained in the record of the Case, and based on the representations made and evidence presented during the hearing on the Motion held on June 21, 2018, the Court finds and concludes that:

A. On March 24, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing this bankruptcy case (the "**Case**").

B. Hannah W. Hutman was originally appointed to serve as Chapter 7 Trustee in this matter.  On May 15, 2017, Ms. Hutman filed her rejection of the appointment, and the Trustee was appointed.

C. The Trustee has been duly appointed as Chapter 7 Trustee of the Case pursuant to section 702(d) of the Bankruptcy Code and continues to serve in that capacity in the Case.

D. This proceeding arises under the Bankruptcy Code and arises in and is related to a case under the Bankruptcy Code.  The Court has jurisdiction over this matter pursuant to 28

U.S.C. § 1334(b) and § 157(a). This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), (H), and (O). Venue is proper pursuant to 28 U.S.C. § 1409(a).

E. The Debtor was a financial advisor who was involved in several long-running schemes to divert assets from Mrs. Lynn Kinder, Blue Ridge Bank, and Virginia Omicron Chapter House Association (the "**Chapter House Association**"), among others.

F. The Debtor has pled guilty to criminal charges stemming from his fraudulent actions regarding Mrs. Kinder, Blue Ridge Bank, and the Chapter House Association. The Debtor is currently serving a jail sentence as a result of those criminal charges.

G. The Debtor was a member of Thompson Davis & Co., Inc. ("**Thompson Davis**"), a Richmond-based advisory firm. The Debtor, either directly or through entities in which he held an equity interest, had investment accounts with Thompson Davis. The Debtor pledged one or more of these accounts as collateral for loans the Debtor had with certain banks. The Debtor was also a member of Barrett House Partners, L.L.C. ("**Barrett House Partners**"), the entity which owns certain real property and improvements commonly known as the "Barrett House" located at 15 South Fifth Street in Richmond, Virginia, in which Thompson Davis has its offices.

H. As a part of the performance of his duties in the Case, the Trustee examined the Debtor's relationship with Thompson Davis, including but not limited to the Debtor's affiliation with Thompson Davis as a financial advisor and the Debtor's financial transactions with Thompson Davis. The Trustee has identified potential claims and causes of action against Thompson Davis (collectively, the "**Claims**").

I. Thompson Davis has denied the Trustee's allegations and disclaims all liability for the Claims. In the event the Trustee decided to litigate the Claims, Thompson Davis would vigorously defend such litigation, which the Trustee has determined could potentially increase

3

the costs and risks of obtaining a judgment against Thompson Davis and reduce the amount that he could potentially recover through litigation of the Claims.

J.      The Trustee and Thompson Davis, through counsel, have engaged in an arms' length negotiation in an effort to resolve the Claims without the expense and time associated with protracted litigation.  As a result of those negotiations, the Trustee and Thompson Davis have negotiated and agreed to the Settlement, the terms of which are set forth in the Settlement Agreement.

K.      With regard to the Settlement, in deciding issues of the pursuit of litigation and the administration of property of the estate, a trustee in a bankruptcy proceeding must exercise his or her "discretion fairly in the interests of all who have had the misfortune of dealing with the debtor." *Frostbaum v. Ochs*, 277 B.R. 470, 475 (E.D.N.Y. 2002) (quoting *Control Data Corp. v. Zelman* (*In re Minges*), 602 F.2d 38, 43 (2d Cir. 1979)). A trustee has exercised sound business judgment if his or her decision was made in good faith, upon a reasonable basis, and within the scope of the trustee's authority.  *Frostbaum*, 277 B.R. at 475-76.

L.      Pursuant to Bankruptcy Rule 9019(a), after notice and an opportunity to be heard, the Court may approve a settlement or compromise.  A court may approve a settlement if it is "fair and equitable."   *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  In making this determination, a court "should form an educated estimate of the complexity, expense, and likely duration of…litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Id.*  In other words, the court should consider "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved,

and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views . . . .". *Will v. Northwestern Univ. (In re Nutraquest, Inc.*), 434 F.3d 639, 645 (3d Cir. 2006) (ellipsis in original) (quoting *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)).

M.    Under these factors, the Settlement is fair and equitable. Initiating litigation against Thompson Davis in pursuit of any recovery on the Claims would be complicated, lengthy, and expensive. Such proceedings would consume the Trustee's and HF's time and resources and limit their ability to focus on other pressing matters in the Case. The Settlement will enable the estate to preserve its resources, while securing a substantial recovery for the benefit of its creditors.

N.    Pursuant to Bankruptcy Code section 363(b)(1) and Bankruptcy Rule 6004(f)(1), the trustee, after notice and a hearing, may use, sell, or lease property of the estate other than in the ordinary course of business. The Settlement Agreement provides for the sale of (*i*) the Debtor's shares of common stock in Thompson Davis (the "**TD Stock**") to Thompson Davis and/or one or more of Thompson Davis's shareholders, at the election of Thompson Davis; (*ii*) the Debtor's fifty percent interest in that certain Thompson Davis account owned by Seven Hills Capital Management LLC and identified as account number TDA-01404 (the "**Seven Hills Account**") to Seven Hills Capital Management, LLC; and (*iii*) the Debtor's six-tenths of one percent membership interest in Barrett House Partners (the "**Barrett House Interest**") to Barrett House Partners. Pursuant to the Settlement Agreement, Thompson Davis will pay to the Trustee Sixty Five Thousand and No/100 Dollars ($65,000.00) (the "**Settlement Amount**"). In addition, Thompson Davis will liquidate that certain Thompson Davis account owned by the Debtor and identified as account number TDA-02527 in the approximate amount of $3,400.00 (the "**Debtor**

5

**Account**") and transfer the funds from the Debtor Account to the Trustee. The Trustee and Thompson Davis will grant each other, and their respective agents, successors, and assigns, full releases of all claims, as set forth in the Settlement Agreement. The Trustee has requested authority to sell the TD Stock, the Seven Hills Account, and the Barrett House Interest, and to receive the funds from the Debtor Account (collectively, the "**Assets**"), which are property of the estate, at a private sale pursuant to sections 105 and 363(b)(1) of the Bankruptcy Code, Bankruptcy Rule 6004, and the terms of the Settlement Agreement.

O.    Section 363(b)(1) provides for the sale of property of the estate when such sale is supported by a sound business reason. *In re Naron & Wagner, Chtd.*, 88 B.R. 85, 87 (Bankr. D. Md. 1988). *See also Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *In re Gulf State Steel, Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002).

P.    The test of whether a sound business purpose exists is comprised of the following four elements: (a) a sound business reason or emergency justifies the sale; (b) adequate and reasonable notice of the sale was provided to interested parties; (c) the sale has been proposed in good faith; and (d) the purchase price is fair and reasonable. *In re WBQ Partnership*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995).

Q.    The Trustee has a sound business justification for selling the Assets, and receiving the funds from the Debtor Account, as part of the Settlement Agreement. The Assets are not widely marketable. The TD Stock is subject to transfer restrictions, which limit the Trustee's ability to market and sell the TD Stock to a broad market. The Seven Hills Account has a cash value of approximately $1,500, of which the Debtor only owns a 50% interest. The Debtor owns only a six-tenths of one percent membership interest in Barrett House Partners, which is subject

6

to transfer restrictions.

R. The Trustee has further proposed that he sell the Assets, and receive the funds from the Debtor Account, free and clear of all liens, claims, rights, and interests on or in the Assets and the Debtor Account, pursuant to section 363(f) of the Bankruptcy Code and Bankruptcy Rule 6004(c). The Trustee is not aware of any interests, secured or otherwise, in any of the Assets and/or the Debtor Account, other than the purported security interest asserted by Blue Ridge in the Debtor Account.

S. Section 363(f) of the Bankruptcy Code permits the Debtor to sell assets free and clear of all liens, claims, interests, charges, and encumbrances (with any such liens, claims, interests, charges, and encumbrances attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets) when "(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such [secured creditor] consents; (3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f). The Trustee has demonstrated that one or more of these conditions is satisfied.

T. The Trustee also requests, pursuant to Bankruptcy Code sections 327 and 330, interim allowance and authorization of payment from the Settlement Proceeds of HF's fees and expenses incurred in connection with the Settlement. After analyzing the Claims and the Assets and the Debtor Account, HF was able to negotiate a global settlement with Thompson Davis that will result in a benefit to the estate. Pursuant to the terms of HF's Employment Application and Employment Order, HF is entitled to receive 35% of recoveries as compensation, plus reimbursement of expenses. Thirty-five percent of the incremental increase in the Settlement

Amount due to HF's efforts plus 35% of the value of the Debtor Account is $17,191.12.  HF has also incurred actual, out-of-pocket expenses in the amount of $342.30.  HF is thus entitled to receive $17,191.12 in fees and $342.30 in expenses, for a total compensation award of $17,533.42, to be paid by the Trustee to HF from the Settlement Proceeds and funds received from the transfer of the Debtor Account.

U.     Pursuant to section 330 of the Bankruptcy Code, the Court may award HF reasonable compensation for actual and necessary services performed in the Case.  For the reasons stated in the Motion, the Trustee believes that the services performed by HF were necessary to the administration of the Case, were performed at a cost and efficiency commensurate with the complexity, importance, and nature of the issues involved, and were undertaken by professionals whose rates are reasonable based upon the customary compensation charged by comparably skilled professionals in matters other than cases under this title.  The Trustee believes that the services performed by HF were instrumental in bringing about the Settlement as set forth in the Settlement Agreement.

V.     Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed until fourteen (14) days after entry of the order, unless the court orders otherwise.  Given the circumstances of the Settlement and the proposed sale, cause exists for the Court to make its order granting the Motion effective immediately upon entry, as permitted by Bankruptcy Rule 6004(h).

W.     Notice of the Motion, the Settlement, the proposed sale of the Assets, the hearing on the Motion, and the deadline to file an objection to the Motion has been given as reflected on the certificate of service annexed to the Notice of Motion filed with the Court.  The notice given is sufficient and fully complies with the applicable rules governing notice, including, without

limitation, Bankruptcy Rules 2002(a), 6004(a) and (c), and Local Rule 9013-1(M).  No further notice is required.

Based on the foregoing findings of fact and conclusions of law, and for good and sufficient cause shown; **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:**

1. The Motion is **GRANTED**.  Any and all objections to the Motion that have not been resolved and/or withdrawn are overruled.

2. The Trustee is hereby authorized, but not directed, to accept the Settlement according to the terms set forth in the Settlement Agreement.

3. The Trustee is hereby authorized, but not directed, to sell the Assets and receive the funds from the Debtor Account, under the terms and conditions set forth in the Settlement Agreement, free and clear of all liens, claims, rights, and interests, known and unknown.

4. This Order is effective as a determination that, upon the closing of the sale of the Assets and transfer of the Debtor Account, all liens, claims, rights, and interests, known and unknown, on or in the Assets and the Debtor Account, have been and hereby are adjudged and declared to be released, discharged, and terminated, and the Assets shall have been conveyed by the Trustee and the Debtor Account transferred to the Trustee free and clear of all such liens, claims, rights, and interests.  Blue Ridge's claims and interests with respect to the Debtor Account are reserved, and the Trustee reserves his rights to object to any and all claims and interests of Blue Ridge.

5. Compensation to HF in the total amount of $17,533.42 for fees and expenses is allowed, on an interim basis, for services provided in connection with the Settlement.

6. The Trustee is authorized to pay to HF from the Settlement Proceeds and the Debtor Account compensation in the total amount of $17,533.42 for fees and expenses incurred by HF in connection with the Settlement.

7. The Trustee is hereby authorized, but not directed, to execute and deliver such documents as may be necessary to effectuate the transfer of the Assets and the Debtor Account as provided in the Settlement Agreement.

8. The Parties are hereby authorized and directed to take all other actions necessary to fulfill their respective obligations under the Settlement Agreement.

9. The provisions of the Settlement Agreement, including without limitation the releases, shall become effective as provided in and in accordance with the Settlement Agreement, and all such provisions shall be binding upon the Debtor, the Trustee, Thompson Davis, the Release Parties, the estate, and all creditors and parties in interest in the Case.

10. Neither this Order nor the Settlement approved hereby shall have any effect, preclusive or otherwise, on any rights or claims of Mrs. Lynne Kinder or her family (the "**Kinder Parties**") with respect to Thompson Davis, its past, present, or future owners, officers, agents, or employees. Notwithstanding any provision in this Order or the Settlement Agreement, nothing herein or in the Settlement Agreement impairs or releases, directly, indirectly, or by operation of law, any rights, claims, or defenses between the Kinder Parties and Thompson Davis, its past, present, or future owners, officers, agents, or employees, all of which such rights, claims, and defenses shall survive the Settlement Agreement and the entry of this Order.

11. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order, the Settlement, and the Settlement Agreement.

Entered: 6/22/18

/s/ Rebecca B Connelly
UNITED STATES BANKRUPTCY JUDGE

I ASK FOR THIS:

/s/ Robert S. Westermann
Robert S. Westermann (VSB No. 43294)
Kristen E. Burgers (VSB No. 67997)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:   (804) 644-0957
E-mail: rwestermann@hf-law.com
           kburgers@hf-law.com
*Counsel for W. Stephen Scott, Chapter 7 Trustee for Victor Maceo Dandridge, III*

SEEN AND AGREED:

/s/ B. Webb King
B. Webb King, Esq.
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011
Telephone:    (540) 857-2829
Facsimile:    (540) 857-2844

*Office of the United States Trustee*

11

| | |
|---|---|
| SEEN AND AGREED: | SEEN AND AGREED: |
| /s/ William Bayliss | /s/ John M. Ryan |
| William Bayliss, Esq.<br>Williams Mullen<br>Williams Mullen Center<br>200 South 10th Street<br>Suite 1600<br>Richmond, VA 23219<br>Telephone: (804) 420-6000<br>Facsimile: (804) 420-6507<br>E-mail: bbayliss@williamsmullen.com<br><br>*Counsel for Thompson Davis & Co., Inc.* | John M. Ryan (VSB No. 37796)<br>Crowley, Liberatore, Ryan & Brogan, P.C.<br>150 Boush Street, Suite 300<br>Norfolk, Virginia 23510<br>Telephone: (757) 333-4500<br>Facsimile: (757) 333-4501<br>E-mail: jryan@clrbfirm.com<br><br>*Counsel for the Kinder Parties* |

SEEN AND AGREED:

 /s/ Robert S. Janney
Robert S. Janney (VSB No. 14005)
Janney & Janney, PLC
12 South Court Street
P.O. Box 467
Luray, Virginia 22835
Telephone: (540) 743-6593
Facsimile: (540) 743-4042
Email: rsjanney@janneylawplc.com

*Counsel for Blue Ridge Bank, NA*


9847601.2  042805.00001