CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VICTOR MACEO DANDRIDGE, III, | ) |
| | ) |
| Appellant, | ) Civil Action No. 3:18CV00051 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| W. STEPHEN SCOTT, CHAPTER 7 | ) By: Hon. Glen E. Conrad |
| TRUSTEE FOR THE BANKRUPTY | ) Senior United States District Judge |
| ESTATE OF VICTOR MACEO | ) |
| DANDRIDGE, III, et al., | ) |
| | ) |
| Appellees. | ) |

Victor Maceo Dandridge, III, proceeding pro se, filed this appeal from an order entered by the United States Bankruptcy Court for the Western District of Virginia, in which the bankruptcy court approved a settlement agreement between W. Stephen Scott, the Chapter 7 Trustee ("Trustee"), and Thompson Davis & Co, Inc. ("Thompson Davis"). For the following reasons, the appeal will be dismissed for lack of standing.

## Background

On March 24, 2017, Dandridge filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In the petition, Dandridge indicated that his total liabilities exceeded his assets by $2,726,540.00. See In re Dandridge, No. 6:17-bk-60578 (Bankr. W.D. Va. Mar. 24, 2017) (listing total assets in the amount of $220,562.00 and total liabilities in the amount of $2,947,102.00). Dandridge also indicated that he had been named as a defendant in a $6,000,000.00 lawsuit filed by Lynne Kinder, which remained pending.

Dandridge was a member of Thompson Davis, an investment management firm based in Richmond, Virginia. He was involved in several long-running schemes to divert assets from

Kinder and others. On June 13, 2017, Kinder filed an adversary complaint seeking entry of judgment in favor of Kinder and against Dandridge, and a determination that such judgment is not dischargeable in bankruptcy. On July 17, 2017, the bankruptcy court entered a consent order awarding judgment to Kinder in the amount of $6,000,000.00 and declaring the judgment non-dischargeable. Two days later, Dandridge pled guilty to federal criminal charges stemming from his fraudulent actions. He is currently serving an 84-month sentence of imprisonment.

On June 1, 2018, the Trustee, by counsel, filed a motion for entry of an order (1) granting the Trustee authority to accept a settlement with Thompson Davis pursuant to Federal Rule of Bankruptcy Procedure 9019(a); (2) granting the Trustee authority to sell certain property of the estate free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C. §§ 105 and 363; (3) granting interim allowance and authorization of payment of compensation and reimbursement of expenses from the settlement proceeds to the Trustee's counsel; and (4) granting related relief, namely approval of the settlement agreement with Thompson Davis. The settlement agreement provided for, among other things, the payment of $65,000.00 by Thompson Davis to the Trustee and the transfer and assignment by the Trustee of the following assets: (a) the debtor's shares of common stock in Thompson Davis to Thompson Davis and/or one or more of Thompson Davis's shareholders, at the election of Thompson Davis; (b) the debtor's fifty percent interest in a certain Thompson Davis account owned by Seven Hills Capital Management LLC ("Seven Hills") to Seven Hills; and (c) the debtor's six-tenths of one percent membership interest in Barrett House Partners, LLC ("Barrett House") to Barrett House. The settlement agreement further provided that "[t]he Trustee shall execute and deliver all necessary and appropriate documents to effectuate the transfer and assignment of the [Thompson Davis] Stock, Seven Hills Account, and Barrett House Interest within (5) days after the Court enters a final

order approving this Agreement and authorizing the transfers set forth herein." Settlement Agreement ¶ 5, Dkt. No. 2-1.

On June 11, 2018, Dandridge filed a pro se objection to the Trustee's motion. The bankruptcy court held a hearing on the motion on June 21, 2018. On June 22, 2018, the bankruptcy court entered an order granting the Trustee's motion and approving the settlement agreement with Thompson Davis (the "Settlement Order").

On July 6, 2018, Dandridge filed a notice of appeal of the Settlement Order. The appeal was docketed in this court on July 9, 2018. The Trustee subsequently moved to dismiss the appeal on multiple grounds, including lack of standing. The Trustee's motion has been fully briefed and is ripe for decision.

## Discussion

As a threshold matter, the court must determine whether Dandridge has the necessary standing to bring this appeal. "Standing in a bankruptcy appeal is narrower than Article III standing." Peoples v. Radloff, 764 F.3d 817, 820 (8th Cir. 2014). "To have standing to appeal a bankruptcy order, the appellant must be a 'person aggrieved' by the order, that is a person 'directly and adversely affected pecuniarily.'" Ranta v. Gorman, 721 F.3d 241, 248 n.10 (4th Cir. 2013) (quoting White v. Univision of Va. Inc., 401 F.3d 236, 243–44 (4th Cir. 2005)).

When a debtor files a Chapter 7 bankruptcy petition, the debtor's assets, including his interests in any existing causes of action, become the property of the bankruptcy estate. 11 U.S.C. § 541(a); see also Grayson Consulting, Inc. v. Wachovia Sec., Inc., 716 F.3d 355, 367 (4th Cir. 2013). "By virtue of § 541, debtors, particularly chapter 7 debtors, rarely have a pecuniary interest" in the administration of the bankruptcy estate, since "how the estate's assets are disbursed by the trustee has no pecuniary effect on the debtor." Peoples, 764 F.3d at 820; see

3

also Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir. 1985) (explaining that "since the bankrupt is normally insolvent, he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest") (citation omitted). Instead, as a general matter, "the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals," since the trustee is the representative of the bankruptcy estate and has the capacity to sue or be sued. Richman v. First Woman's Bank, 104 F.3d 654, 657 (4th Cir. 1997).

A number of courts, including the United States Court of Appeals for the Fourth Circuit, have recognized an "'exception' to the rule that debtors do not have standing to object to bankruptcy orders, which is not so much an exception as a careful application of the pecuniary interest rule itself." Cult Awareness Network, Inc. v. Martino, 151 F.3d 605, 608 (7th Cir. 1998). Specifically, "[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." Id.; see also Willemain, 764 F.2d at 1022–23 (applying this general principle and concluding that a Chapter 7 debtor lacked standing to challenge the proposed sale of the estate's primary asset because the debtor failed to show that an alternative sale of the property would return solvency to the estate or provide the debtor with a surplus); Licata v. Coan, 659 F. App'x 704, 706 (2d Cir. 2016) (emphasizing that "the Chapter 7 debtor has the burden of showing that there is at least a reasonable possibility of a surplus" in order to establish standing).

In this case, it is clear from the record that the bankruptcy estate is insolvent. Dandridge's liabilities far exceed his assets, and his $6,000,000.00 judgment debt to Kinder has been declared non-dischargeable. Although Dandridge maintains that his shares of common stock in Thompson Davis were worth more than the firm was required to pay as part of the

settlement agreement, Dandridge does not assert, much less plausibly show, that an alternative agreement could have been reached that would have rendered the estate solvent. Likewise, Dandridge does not identify any other basis for finding that there is a reasonable possibility of a surplus after all of the creditors' claims are paid. Consequently, Dandridge has no pecuniary interest in the Settlement Order and therefore lacks standing to pursue this appeal. See Peoples, 764 F.3d at 820–21 (concluding that a debtor did not have standing to appeal an order approving a settlement between the trustee and the debtor's employer, since the amount owed to the debtor's creditors exceeded the amount of the settlement and there was no reasonable possibility of a surplus).

## Conclusion

For the reasons stated, the court concludes that this appeal from the bankruptcy court must be dismissed for lack of standing.* Accordingly, the court will grant the Trustee's motion to dismiss. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the appellant and all counsel of record.

DATED: This ____ day of October, 2018.

_____
Senior United States District Judge

---

* In light of the court's ruling on the issue of standing, the court need not address the parties' remaining arguments.